IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLNAD
(Northern Division)

| | |
|---|---|
| SANDE RIESETT | * |
| 10122 Falls Road | |
| Lutherville, Maryland 21093 | * |
| | |
|      Plaintiff, | * |
| | Civil Action No.: |
| v. | * |
| | |
| MAYOR AND CITY COUNCIL OF BALTIMORE | * |
| | |
| Service Upon: George A. Nilson, Esq. | * |
|      100 N. Holliday Street, Ste. 101 | |
|      Baltimore, Maryland 21202 | * |
| | |
|      Defendant. | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

COMPLAINT FOR DECLARATIVE RELIEF

Plaintiff, Sande Riesett (hereinafter, "Riesett"), by her undersigned counsel, sues

the Defendant, Mayor and City Council of Baltimore (hereinafter, "City of Baltimore"),

and alleges that:

JURISDICTION AND VENUE

1.     This case arises under the Copyright Act, the Lanham Act and Declaratory

Judgment Act of the United States. This Court has subject matter jurisdiction over the

action pursuant to the provisions of 15 U.S.C §§ 1119, 1121, 17 U.S.C. §501 and 28

U.S.C. §§ 1331, 1338, 2201 and 2202. Venue is proper in this judicial district by reason

of the provisions of 28 U.S.C. §§ 1391(b) and 1400(a).

2.     Declarative relief is required because the City of Baltimore has claimed

ownership of the trademarks and copyrights associated with the "SHOW YOUR SOFT

1

SIDE" anti-animal abuse public service advertising campaign created by Riesett (the "Campaign"). In furtherance of its position that it owns the Campaign, the City of Baltimore has threatened to sue Riesett to establish ownership. Such threats of litigation are inconsistent with the rights of Riesett pursuant to the copyrights and trademarks she asserts ownership of, will cause irreparable harm to Riesett, and result in her inability or hindered ability to license the Campaign for use in other markets, as it is now used in Baltimore City.

3.      Riesett is an individual and a domiciliary of Lutherville, Maryland.

4.      Riesett is a seasoned advertising professional who has authored numerous advertising campaigns, including those employed by non-profits. Riesett is the owner and president of Outlaw Advertising, LLC ("Outlaw"), a Maryland company which provides advertising services to small businesses and non-profit organizations.  Prior to forming Outlaw, Riesett worked for very large advertising agencies on accounts as diverse as MOBIL oil, IAMS pet food, and THE LONDON TIMES.

5.      The Mayor and City of Baltimore is a corporation established by the Charter of Baltimore City, Article 1, Section 1.

FACTS

6.      In or about January 2011, Riesett became concerned at the growing number of reported incidents of animal abuse occurring in the City of Baltimore, particularly the news report regarding several pre-teens who were alleged to have set a dog on fire. Riesett reasoned that as well as posing a threat to animals, pre-teens such

2

as these, who would maliciously injure an animal, would likely perpetuate violent behavior on people.

7.      Riesett wanted to develop a public service campaign to promote kindness to animals and to educate young people and the public at large that cruelty to animals is not acceptable social behavior.  In the Spring of 2011 Riesett attended a meeting of the Mayor's Anti-Animal Abuse Task Force, which subsequently became, by approval of the Baltimore City Council, the Mayor's Anti-Animal Abuse Advisory Commission (the "Commission"), where she learned that many of the most horrific cases of animal abuse were committed by preteens and teenagers.

8.      Thereafter, the idea originated with Riesett that any advertising message would need to speak to its intended audience through a person or persons that a youthful audience would respect.  With the aim of formulating a message that would have an impact on youth, Riesett conceived of the idea of using well-known "tough guys" such as professional athletes and celebrities to show how animals bring out a person's soft side.

9.      Riesett's next step was to create the Campaign. Riesett developed concept boards for the Campaign featuring professional athletes and celebrities with their pets and she created the slogans "ONLY A PUNK WOULD HURT A CAT OR DOG", and "SHOW YOUR SOFT SIDE" (collectively, the "Marks").

10.     Riesett sought the help of a friend who had contacts with celebrities and athletes to enlist their participation in the Campaign.  Through these efforts, a number of professional athletes and celebrities agreed to donate their services and personas for

3

use in the Campaign. Riesett secured the services of photographer Leo Lubow to photograph the athletes and celebrities, and she obtained licenses to use such images and photographs in the Campaign.

11.     Riesett created all of the Campaign's advertising materials, namely posters, billboards, print and online advertising, calendars, radio spots, tv spots, videos and a Facebook page, including all of the copy, text, layout and design of such advertising materials.

12.     In or about August 2011, when Riesett was prepared to launch the Campaign, some of the advertising materials were shown to certain members of the Commission and the City of Baltimore, and the City of Baltimore asked that the City logo be included in the materials. Riesett agreed and, until recently, included the City's logo on the Campaign's advertising materials in the Baltimore City market.

13.     Riesett solicited friends and the media to provide free media space for the Campaign's advertising materials, such as no cost billboard space. Riesett and her friends have solicited sponsors and donors, and have personally donated funds, to support and pay for the cost of production and media placement for the Campaign. Riesett also raised money for the Campaign through events and the sale of branded merchandise.

14.     Riesett always intended to retain, and has never relinquished, ownership of the Campaign and its associated advertising materials and intellectual property rights, and has filed applications with the United States Patent and Trademark Office ("USPTO") to register the Marks in her name. At no time did Riesett convey to the City

88888.077/107806v1

of Baltimore or to the Commission, any rights of ownership in the Campaign and its associated advertising materials and intellectual property rights, and despite repeated requests that the City of Baltimore produce any evidence of transfer, it has failed to do so.

15.     There are no written agreements between Riesett, the City of Baltimore and/or the Commission regarding use of the Campaign, the Campaign's advertising materials, the Marks and copyrights. The City of Baltimore and the Commission have merely been granted by Riesett a non-exclusive, terminable at will, license to use the Campaign in the City of Baltimore.

16.     Neither the City of Baltimore nor the Commission paid for the creation of the Campaign, the associated advertising materials or the copyrights and Marks associated therewith. The only payments that Riesett has received in connection with the City of Baltimore's use of the Campaign include reimbursement of costs advanced by Riesett or Outlaw for media production and media placement, such as the cost to produce posters or billboards and the cost of non-donated advertising space for displaying same on billboards and in bus shelters in Baltimore City.  Such costs were the responsibility of the Commission or the City of Baltimore as the advertiser, and have been reimbursed to Riesett from local animal rescue shelters and the Baltimore City Foundation ("BCF") out of funds donated to the shelters and BCF primarily from sponsors and donors solicited by Riesett and her friends. Riesett has also personally donated funds to cover these costs.

88888.077/107806v1

17.     Despite the City of Baltimore's lack of ownership, and lack of any document transferring ownership, the City of Baltimore has asserted ownership of the Campaign and its associated advertising materials and intellectual property rights.

18.     The City of Baltimore Law Office has also advised that it intends to oppose Riesett's registration of one of the Marks with the USPTO, and has filed with the USPTO a request for extension of time to oppose Riesett's application to register the mark SHOW YOUR SOFT SIDE within the statutory period.

19.     Despite an in-person meeting with the City of Baltimore Law Office, and the tender to the City of Baltimore of a written royalty-free license to employ the Campaign and its associated advertising materials in the Baltimore City market, the City of Baltimore continues to assert ownership of the Campaign and its associated advertising materials and intellectual property rights (including the Marks and copyrights), threatens to file its opposition to Riesett's registration of one of the Marks with the USPTO, and has threatened to sue Riesett to establish ownership of the Campaign.

20.     On information and belief, the City intends to create derivative works of the Campaign and its associated advertising materials.

COUNT I

DECLARATIVE RELIEF

21.     Riesett realleges each and every allegation set forth in paragraphs 1 through 20, and incorporates them herein.

6

22.     Riesett has a reasonable apprehension that the City of Baltimore will sue her to attempt to obtain ownership of the Campaign and its associated advertising materials and intellectual property rights, including copyrights and the Marks, and will file an opposition to registration of the Marks with the USPTO. Further, Riesett intends to license the Campaign and its associated advertising materials and intellectual property rights, including copyrights and Marks, to other jurisdictions, and any such license will be required to represent that Riesett is the sole owner thereof, that there are no third party claims associated therewith, and that she will indemnify the licensee against any such claims. As asserted by the City of Baltimore, such claims exist. These actions and assertions will result in immediate and irreparable injury.

WHEREFORE, Riesett prays a final judgment declaring that:

a.     Neither the City of Baltimore, nor the Commission, is entitled to ownership or registration of the copyrights to the Campaign and its associated advertising materials and the Marks;

b.     Riesett is entitled to sole and exclusive ownership and registration of the copyrights to the Campaign and its associated advertising materials and the Marks;

c.     Neither the City of Baltimore, nor the Commission, can exercise any rights associated with ownership of copyrights to the Campaign and its associated advertising materials under 17 U.S.C. § 106, including the preparation of derivative works;

d.     The City of Baltimore's, and the Commission's, right to use the Campaign and its associated advertising materials, copyrights and the Marks is revocable by Riesett at any time; and

7

e.   Riesett be awarded such other relief as may be just and appropriate,

including her costs and attorneys' fees.

Respectfully submitted,

/s/
_____
JAMES B. ASTRACHAN  Bar No. 03566
DONNA M.D. THOMAS  Bar No. 23499
CHRISTOPHER J. LYON Bar No. 27443
Astrachan Gunst Thomas, P.C.
217 E. Redwood Street
21st Floor
Baltimore, MD 21202
410-783-3550
410-783-3530 (fax)

Attorneys for Plaintiff

88888.077/107806v1