```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND

SANDE RIESETT,                   :

     Plaintiff,                  :

v.                               :
                                     Civil Action No. GLR-13-1860
MAYOR AND CITY COUNCIL           :
OF BALTIMORE,
                                 :
     Defendant.
                                 :
```

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendant Mayor and City Council of Baltimore's ("the City") Motion to Dismiss for failure to join necessary parties under Federal Rule of Civil Procedure 19. (ECF No. 14). The issue is whether Outlaw Advertising, LLC and Show Your Soft Side, Inc. are necessary parties that must be joined to Plaintiff Sande Riesett's ("Riesett") Complaint seeking declaratory relief regarding ownership of the copyrights and trademarks associated with an anti-animal abuse campaign.

The Court, having reviewed the pleadings and supporting documents, finds no hearing necessary. See Local Rule 105.6 (D.Md. 2011). For the reasons outlined below, the Court will deny the Motion because the City has failed to meet its burden of showing that Outlaw Advertising, LLC and Show Your Soft Side, Inc. are necessary to this action.

## I. BACKGROUND[1]

Riesett is a seasoned advertising professional who is the owner, president, and sole employee of Outlaw Advertising, LLC ("Outlaw"). Outlaw is a Maryland company which provides advertising services to small businesses and non-profit organizations. Riesett is also the president of Show Your Soft Side, Inc. ("SYSS").

In early 2011, Riesett became concerned about the growing number of reported incidents of animal abuse occurring in the City of Baltimore, especially those perpetuated by juveniles. As a result, Riesett wanted to create a public service campaign that would promote kindness to animals and educate the youth, as well as the public at large, about animal cruelty.

In March 2011, Riesett attended a meeting of the Mayor's Anti-Animal Abuse Task Force, which later became the Mayor's Anti-Animal Abuse Advisory Commission (the "Commission"). According to Riesett, soon after the meeting, she created the concept of an advertising campaign that would couple professional athletes and celebrities with their pets to show how animals bring out a person's soft side ("the Campaign"). Riesett also allegedly created the slogans "ONLY A PUNK WOULD HURT A CAT OR DOG" and "SHOW YOUR SOFT SIDE" for the Campaign.

---

[1] The following facts are taken from Riesett's Complaint for Declarative Relief and the City's Motion to Dismiss.

Riesett maintains that she solicited the participation of local athletes and public figures, created all of the Campaign's advertising materials, sought space to display the materials, and secured donations for the Campaign, among other things.

On the other hand, the City contends that Riesett's March 2011 meeting with the Commission was a brainstorming session that included the Commission's input regarding the target group demographics and the inclusion of celebrity participants. The City also avers that Riesett offered her services as an employee of Outlaw. According to the City, it was Outlaw, not Riesett, who eventually executed the Campaign on its behalf. Pursuant to this alleged arrangement, Outlaw, with Riesett acting as its agent, became the City's advertising agency while the City maintained ownership over the Campaign. The license agreement with the Campaign's photographer and the general talent releases associated with the Campaign list the City and Outlaw as parties. Moreover, Outlaw was the entity that entered into advertising agreements with vendors.

On or about December 5, 2012, Riesett filed an application with the U.S. Patent and Trademark Office ("USPTO") to register a service mark for the "SHOW YOUR SOFT SIDE" slogan after a Facebook inquiry concerning an outside use of the Campaign allegedly sparked a dispute between Riesett and the City regarding the ownership of the copyrights and trademarks

associated with the Campaign. On March 14, 2013, Riesett organized SYSS and, on June 6, 2013, she filed an application with the USPTO to register the service mark "ONLY A PUNK WOULD HURT A CAT OR DOG." Thereafter, Riesett commenced the above-captioned action in this Court on June 25, 2013. (See ECF No. 1). On July 12, 2013, Riesett filed an application with the U.S. Copyright Office to register a copyright for the Campaign. The City filed the pending Motion to Dismiss on July 29, 2013. (ECF No. 14).

## II.  DISCUSSION

### A.  Standard of Review

The City moves to dismiss Riesett's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join a party under Rule 19. Rule 12(b)(7) motions require a two-step inquiry. First, the court must determine "whether a party is necessary to a proceeding because of its relationship to the matter under consideration pursuant to Rule 19(a)." Owens-Ill., Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999) (citation and internal quotation marks omitted). If the absent party is necessary, it must be ordered into the action so long as joinder does not destroy the court's jurisdiction. Id. Second, "[w]hen a party cannot be joined because its joinder destroys diversity, the court must determine whether the proceeding can continue in

its absence, or whether it is indispensable pursuant to Rule 19(b) and the action must be dismissed." Id.

Although Rule 12(b)(7) permits dismissal, "[c]ourts are loath to dismiss cases based on nonjoinder of a party, so dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result." Id. at 441; see also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Rite Aid of S.C., Inc., 210 F.3d 246, 250 (4th Cir. 2000) ("Dismissal of a case [for nonjoinder] is a drastic remedy . . . which should be employed only sparingly." (citation omitted)). Moreover, the burden is on the moving party to "show that the [entity] who was not joined is needed for a just adjudication." Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005) (citation omitted).

**B.  Analysis**

The Court will deny the City's Motion to Dismiss because neither Outlaw nor SYSS is necessary to this action. According to the City, Outlaw and SYSS are necessary parties that must be joined for four reasons:  (1) Outlaw is the proper plaintiff because it created the Campaign on the City's behalf and performed all work associated with its execution; (2) Outlaw is the entity that entered into all agreements associated with the Campaign, including the license agreement, general talent releases, and advertising agreements; (3) Outlaw and SYSS are

5

necessary to the City's compulsory counterclaim because they are using the trademarks without permission; and (4) failure to join these entities could result in multiple lawsuits and inconsistent judgments. The Court disagrees.

As a preliminary matter, the City's anticipated counterclaim against Outlaw and SYSS does not automatically render the two entities necessary parties to the current action. See Halpern v. Rosenbloom, 459 F.Supp. 1346, 1354 (S.D.N.Y. 1978) ("[P]laintiffs are not required to anticipate defendant's counterclaims and join all parties that may be necessary for defendant's benefit."). Furthermore, the City's averment that its counterclaim will tentatively address the unlawful usage of trademarks associated with the Campaign does not require joinder of Outlaw and SYSS because Riesett's Complaint only seeks declaratory relief regarding ownership, not infringement. See Heinrich v. Goodyear Tire & Rubber Co., 532 F.Supp. 1348, 1359 (D.Md. 1982). If Outlaw and SYSS are necessary to the City's counterclaim, it may join them pursuant to Federal Rule of Civil Procedure 13(h). Therefore, the necessity of joining Outlaw and SYSS as parties in this case pursuant to Rule 19 hinges upon the success of the City's remaining arguments.

A party is necessary pursuant to Rule 19(a) if "the court cannot accord complete relief among existing parties" without the absent party, or (2) the absent party "claims an interest

relating to the subject of the action and is so situated that disposing of the action in the [party's] absence may" either (i) "impede the person's ability to protect the interest" or (ii) subject the current parties "to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed.R.Civ.P. 19(a)(1). Complete relief "refers to relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." Heinrich, 532 F.Supp. at 1359 (citation omitted). Therefore, the Court looks only to the claims and parties before it in determining whether complete relief can be accorded without the absent party. Moreover, the threat of multiple lawsuits and inconsistent judgments associated with a failure to join a necessary party is conditioned upon the absent party asserting an interest related to the pending action. See Fed.R.Civ.P. 19(a)(1)(B) (stating that an entity must be joined if "that [entity] claims an interest relating to the subject of the action"); see also Heinrich, 532 F.Supp. at 1359-60 ("Kelly is not conditionally necessary under Rule 19(a)(2) because Kelly has stated that is has no interest in the subject matter of this litigation.").

In this case, Riesett seeks a declaratory judgment that she is the sole owner of the copyrights and trademarks associated with the Campaign. While the City correctly avers that all potential claimants to ownership must be joined, (see Def.'s

Mot. to Dismiss at 9-10, ECF No. 14-1 (collecting cases)), the current parties to this action are the only entities asserting an ownership interest in the Campaign. The City's contentions that Outlaw is the proper plaintiff and that a failure to join the absent parties could result in multiple lawsuits and inconsistent judgments are unpersuasive. Riesett controls Outlaw and SYSS, but chose not to join either entity to this action because she claims ownership of the Campaign in her individual capacity. The City, therefore, cannot compel Riesett to join Outlaw as a party simply because it is under the impression that Riesett acted as an employee of Outlaw while creating the Campaign. Furthermore, the speculative risk of multiple lawsuits and inconsistent judgments is unlikely because Riesett has expressly stated that Outlaw and SYSS are not asserting an ownership interest in the Campaign. (See Riesett Aff. ¶¶ 33, 38, ECF No. 17-1). Riesett's ownership of both entities authorizes her to make such a declaration.

Finally, the mere fact that Outlaw entered into the agreements associated with the Campaign also fails to necessitate its joinder. This Court has previously noted that "a person does not become a necessary party to an action simply because the determination of the action will affect that person's rights under a separate or subsequent contract." Redner's Mkts., Inc. v. Joppatowne G.P. Ltd. P'ship, 918

F.Supp.2d 428, 436 (D.Md. 2013) (citation omitted). As briefly discussed above, the agreements are not vital to the question of who owns the copyrights and trademarks associated with the Campaign. To the contrary, those agreements render the City and Outlaw mere licensees of the entity or individual signing the document. Therefore, the agreements cannot be the catalyst for designating Outlaw a necessary party because the agreements are not the subject of the current litigation. See, e.g., Ryan v. Volpone Stamp Co., 107 F.Supp.2d 369, 387 (S.D.N.Y. 2000) ("It is well-established that a party to a contract which is the subject of the litigation is considered a necessary party.").

At bottom, the City has failed to show that Outlaw and SYSS are necessary parties that must be joined pursuant to Rule 19.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, DENY the City's Motion to Dismiss (ECF No. 14).


Entered this 18th day of September, 2013


                                        _____/s/_____
                                        George L. Russell, III
                                        United States District Judge